## Walker, et al. v. Maddox.

(Decided February 16, 1915.)

### Appeal from Carter Circuit Court.

1. Deeds—Cancellation—Mental Incapacity—Evidence.—In an action to cancel a deed because of the mental incapacity of the grantors, evidence examined, and held that the grantors had sufficient mental capacity to know and appreciate the effect of the deed which they signed.

2. Deeds—Consideration—Support of Grantors—Violation of Agreement—Evidence.—Where the grantors conveyed to their daughter their home place, the consideration being that the daughter should maintain and support them during their life, held, in an action by one of the grantors to cancel the deed because the grantee had failed to carry out her agreement, that the grantee had not failed to comply with her agreement, and that there was no valid reason to cancel the deed.

3. Deeds—Trusts.—Where a husband freely and voluntarily unites with his wife in a deed conveying certain land to his daughter in consideration of support, he parts with all interest in the land, and is not entitled to have a trust declared in his favor on the ground that, though the deed was made to his wife, he furnished the money to pay for the land.

4. Deeds—Consideration—Agreement to Support.—Where the grantor executed a deed in consideration of the grantee's agreement to support and maintain him during his natural life, and he voluntarily leaves the grantee's home, held, that an allowance of $100 to him while living away from the grantee's home was sufficient, in the absence of such mistreatment on the part of the grantee, or such friction as made it no longer agreeable to him to live there, or the refusal of the grantee to permit him to live there.

G. W. E. WOLFFORD for appellants.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On June 10, 1909, Gemina Walker and her husband, George W. Walker, conveyed to Nancy Maddox, their daughter, a tract of land in Carter county. The deed recites that the consideration is $500 cash and an agreement on the part of Nancy Maddox to support and maintain the grantors during their lives. The land conveyed was a tract of land that had been conveyed to Gemina Walker in the year 1874. Nancy Maddox and her husband moved on the premises and proceeded to carry out their agreement. About three years thereafter Gemina Walker died. After her death George Walker was persuaded to leave the house of his daughter and take up his residence with his son William.

This action was brought by George W. Walker and certain of his children to have a trust in the property declared in favor of George W. Walker, because he had paid for the land with his money, though the deed was taken in his wife's name. They also asked that the deed be canceled because of the incapacity of the grantors and because of the failure of Nancy Maddox to carry out her part of the agreement. By amended petition George W. Walker asked that an allowance be made to him for his support and maintenance. The petition of the plaintiffs other than George W. Walker was dismissed. The only relief granted George W. Walker was a judgment directing Nancy Maddox to pay him at the rate of $100 a year when not at her home, the allowance to cease in the event he returned. From that judgment this appeal is prosecuted.

The evidence conclusively shows that both Gemina Walker and George Walker had sufficient mental capacity to know and appreciate the effect of the deed which they signed. The contract was not made by reason of any influence which Nancy Maddox exercised over her parents. They were growing old, and not being able to do the work that they had formerly done and to look after their little home in a proper manner, asked their daughter, Nancy Maddox, to come and live with and take care of them. In consideration of these attentions they agreed to convey their home to her. The contract was freely and voluntarily entered into by the parties. While the deed recites a cash consideration of $500, it is admitted that this provision was inserted in the deed at the suggestion of the parties and of the scrivener, merely for the purpose of giving legal effect to the instrument.

The $500 was not a part of the consideration, and was not intended to be paid. The evidence further shows that Gemina Walker and George Walker were pleased with the arrangement. For the three years that they resided with Nancy there was no misunderstanding or complaint. It was only when Nancy and her husband conveyed the land in controversy to her brother and sisters, the deed to take effect after the death of her mother and father, that any misunderstanding arose. The friction resulted from the displeasure of the other children of George W. Walker growing out of the fact that they were not included in the conveyance which Nancy Maddox had made. Thereupon George Walker went to live with his son William. George Walker gives no instances of any mistreatment by his daughter. He simply complains in a general way that she did not talk to him as she should. Indeed, the evidence shows that she provided for his needs in every proper way, and that he had no reasonable excuse for abandoning her home. There was, therefore, no valid reason why the deed in question should have been canceled.

It is unnecessary to consider the question of trust. It is sufficient to say that when George W. Walker, who had the mental capacity to contract, freely and voluntarily and for a valuable consideration united with his wife in the deed in question, whatever interest he had in the property passed to his daughter Nancy.

The chief complaint of the appellant is that suitable provision for his support was not made in the event that he remained away from his daughter's home. Fairly considered, however, the contract did not contemplate that he should be supported elsewhere than at his daughter's home. The circumstances do not show that he had any reasonable grounds for leaving her home. The judgment does not deny him the right to return. It gives him that right, and, in lieu thereof, an allowance of $100 a year in the event that he elects to stay elsewhere. This is not a case where the grantee was at fault or the friction so great that permanent provision should be made for the support of the grantor elsewhere than at the grantee's home. It is a case where the grantor is welcome to return and should return. The grantor did not ask that the case be referred to the master commissioner to determine what was a reasonable sum for his maintenance and support if he

lived elsewhere. The grantor did not himself testify as to what would be a reasonable sum under the circumstances, but merely claimed that he had agreed to pay his son $16 a month board There being no request for a reference to the commissioner, and no competent evidence tending to show what would be a reasonable allowance under the circumstances, we are not disposed to disturb the finding of the chancellor, who evidently believed and had reasonable grounds to believe that the allowance should not be fixed so high as to make it an inducement to others to persuade their father to leave his daughter's home, where she had the right to support him, and where it was his duty to remain, in the absence of such mistreatment or of such friction that made it no longer agreeable to him to live there.

Judgment affirmed.